Filed
4/13/2015 4:16:24 PM
Esther Degollado
District Clerk
Webb District
2015CVF001243D4

CAUSE NO. _____

| | | |
|---|---|---|
| **GUILLERMO PARRA,**<br>**Plaintiff,** | § <br> § <br> § | **IN THE DISTRICT COURT OF** |
| **v.** | § <br> § <br> § | **WEBB COUNTY, TEXAS** |
| **ALLSTATE TEXAS LLOYD'S AND**<br>**ROBERT BULLERDICK,**<br>**Defendants.** | § <br> § <br> § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Guillermo Parra ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Allstate Texas Lloyd's ("Allstate") and Robert Bullerdick ("Bullerdick") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff Guillermo Parra is an individual residing in Webb County, Texas.

3. Defendant Allstate is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server,

by serving its Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.    Defendant Robert Bullerdick is an individual residing in and domiciled in the State of North Carolina.  This defendant may be served with personal process by a process server at his place of residence at 1807 Moss Creek Dr., Harrisburg, North Carolina 28075.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend his petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant Allstate because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant Bullerdick because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.    Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

10.  Plaintiff owns the insured property, which is specifically located at 4215 Logan Ave, Laredo, Texas 78041, in Webb County (hereinafter referred to as "the Property").

11.  Allstate sold the Policy insuring the Property to Plaintiff.

12.  On or about June 7, 2013 (incorrectly listed by Defendants as October 13, 2013 in Plaintiff's claim document), a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence.   Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring.   Plaintiff's home also sustained substantial structural and exterior damage during the storm including, but not limited to, damages to the home's fence.   After the storm, Plaintiff filed a claim with his insurance company, Allstate, for the damages to his home caused by the hail storm and/or windstorm.

13.  Plaintiff submitted a claim to Allstate against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

14.  Plaintiff asked that Allstate cover the cost of repairs to the Property pursuant to the Policy, including, but not limited to, repair and/or replacement of the roof and repair of the gutters, siding, fence, and all interior water damages to the Property, pursuant to the Policy.

15.  Defendant Allstate assigned Defendant Bullerdick as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of the claim.   Bullerdick conducted a substandard inspection of

Plaintiff's property.  For example, Bullerdick spent a mere thirty (30) minutes inspecting Plaintiffs' entire property for hail storm and/or windstorm damages.  The inadequacy of Bullerdick's inspection is further evidenced by his letter dated October 24, 2013, which denied Plaintiff's claim for hail storm and/or windstorm damages.  Additionally, Bullerdick failed to give Plaintiff a reasonable explanation for the denial of his claim. Ultimately, Bullerdick's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained-we don't have an estimate.   Bullerdick's inadequate investigation was relied upon by Allstate in this action and resulted in Plaintiff's claim being undervalued and underpaid.

16.     Defendant Allstate's personnel failed to thoroughly review and properly oversee the work of their assigned adjuster, Defendant Bullerdick, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiff's claim.  As a result of this unreasonable investigation, Plaintiff was considerably underpaid on his claim and has suffered damages.

17.     Together, Defendants Allstate and Bullerdick set about to deny and/or underpay on properly covered damages.  As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiff to repair his home, Plaintiff's claim was improperly adjusted.   The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

18.    As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Allstate underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

19.    To date, Allstate continues to delay in the payment for the damages to the property.  As such, Plaintiff has not been paid in full for the damages to his home.

20.    Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

21.    Defendants Allstate and Bullerdick misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants Allstate's and Bullerdick's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

22.    Defendants Allstate and Bullerdick failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants Allstate's and Bullerdick's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

23.     Defendants Allstate and Bullerdick failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants Allstate and Bullerdick failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants Allstate and Bullerdick did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants Allstate's and Bullerdick's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

24.     Defendants Allstate and Bullerdick failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate and Bullerdick.  Defendants Allstate's and Bullerdick's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

25.     Defendants Allstate and Bullerdick refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants Allstate and Bullerdick failed to conduct a reasonable investigation.  Specifically, Defendants Allstate and Bullerdick performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  Defendants Allstate's and Bullerdick's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

26.    Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27.    Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28.    Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for his claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29.    From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.   Defendants Allstate and Bullerdick knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

31.   As a result of Defendants Allstate's and Bullerdick's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

32.   Plaintiff's experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST BULLERDICK

##### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
##### UNFAIR SETTLEMENT PRACTICES

33.   Defendant Allstate assigned Defendant Bullerdick to adjust the claim. Defendant Bullerdick was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, the adjuster failed to properly assess Plaintiff's hail storm and/or windstorm damages. The adjuster also omitted covered damages from his reports, including many of Plaintiff's interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

34.  Defendant Bullerdick's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.  Defendant Bullerdick is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Allstate, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36.  Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Bullerdick's unfair settlement practice, as described above, of misrepresenting to Plaintiff material

facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(1).

37.     Defendant Bullerdick's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant Bullerdick failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendant Bullerdick failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.   Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiff's claim.  The unfair settlement practice of Defendant Bullerdick as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.     Defendant Bullerdick's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.　Defendant Bullerdick did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to Allstate. Defendant Bullerdick's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

41.　Plaintiff is not making any claims for relief under federal law.

### FRAUD

42.　Defendants Allstate and Bullerdick are liable to Plaintiff for common law fraud.

43.　Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendants Allstate and Bullerdick knew were false or made recklessly without any knowledge of their truth as a positive assertion.

44.　The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

45.　Defendants Allstate and Bullerdick are liable to Plaintiff for conspiracy to commit fraud. Defendants Allstate and Bullerdick were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by

unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Allstate and Bullerdick committed an unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result.

### Causes of Action Against Allstate Only

46.   Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

47.   Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

48.   Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

49.   Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

50.   Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

51.     Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

52.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

53.     Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

54.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS

55.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

56. Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

57. Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

58. Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

59. As referenced and described above, and further conduct throughout this litigation and lawsuit, Bullerdick is an agent of Allstate based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

60. Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of Bullerdick, including the completion of his duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

61. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

62.   Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

63.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

64.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

65.   As previously mentioned, the damages caused by the June 7, 2013, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants Allstate's and Bullerdick's mishandling of Plaintiff's claim in violation of the laws set forth above.

66.   For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

67.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

68. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

69. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

70. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

72. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiff hereby tenders the appropriate jury fee.

CIVIL CASE INFORMATION SHEET

Filed
4/13/2015 4:16:24 PM
Esther Degollado
District Clerk
Webb District
2015CVF001243D4

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

GUILLERMO PARRA v. ALLSTATE TEXAS LLOYD'S AND ROBERT BULLERDICK

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>René M. Sigman | Email:<br>rmsdocketefile@mostynlaw.com | Plaintiff(s)/Petitioner(s):<br><br>Guillermo Parra | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>3810 W. Alabama Street | Telephone:<br>(713) 714-0000 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, TX 77027 | Fax:<br>(713) 714-1111 | Defendant(s)/Respondent(s):<br><br>Allstate Texas Lloyd's<br>Robert Bullerdick | Custodial Parent: |
| Signature:<br><br>/s/ René M. Sigman | State Bar No:<br>24037492 | [Attach additional page as necessary to list all parties] | Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law |
|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-Judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/ Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | **Related to Criminal Matters** | | **Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus— Pre-indictment<br>☐Other: | **Other Family Law**<br>☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: | **Parent-Child Relationship**<br>☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐Less than $100,000 and non-monetary relief<br>
☐Over $100,000 but no more than $200,000<br>
☒Over $200,000 but no more than $1,000,000<br>
☐Over $1,000,000