United States District Court
Southern District of Texas
**ENTERED**
January 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GUILLERMO PARRA, | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 5:15-CV-111 |
| | § | |
| ALLSTATE TEXAS LLOYDS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM

Pending before the Court is the parties' Agreed Stipulation of Dismissal with Prejudice. (Dkt. No. 12). Parties in a civil suit may generally dismiss the suit without a court order upon the filing of a notice of dismissal "signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). This general rule is subject to limitations in class action suits, shareholder derivative suits, suits where the court has appointed a receiver, and suits where a defendant has filed a counterclaim. *See* FED. R. CIV. P. 41(a)–(c).

The Court finds that this is not a class action suit or shareholder derivative suit, the Court has not appointed a receiver, and Defendants have not filed a counterclaim. Thus, because the parties' Agreed Stipulation of Dismissal with Prejudice (Dkt. No. 12) is signed by all parties who have appeared in this case, all of the claims were dismissed "effective upon [the] filing" of the stipulations. *See SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) ("Because filing a voluntary stipulation of dismissal . . . is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because

the matter has already been dismissed by the parties themselves without any court action.").

The Clerk of Court is hereby directed to **CLOSE** this case.

**SIGNED** this 5th day of January, 2016.

_____
Marina Garcia Marmolejo
United States District Judge